IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COUNTRYWIDE HOME LOANS MORTGAGE CORPORATION <br><br> Plaintiff <br><br> v. <br><br> CARLOS A. PIÑIERO BELTRAN, NAYDA T. JOURDAN PASTOR <br><br> Defendants | Civil Núm. 04-1407 (SEC) <br><br> Foreclousure of Mortgage <br> Collection of Monies |

## JUDGMENT

Upon plaintiffs application for judgment, and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against defendant for its failure to plead or file an answer to the complaint, or otherwise appear in the above cause, against which defendant plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The mortgage constituted by defendant by deed number 2, before Notary Public Pedro J. Díaz García, at Guaynabo, Puerto Rico, on January 3, 2002 securing a mortgage note payable to the order of Pan American Financial, Corp., further negotiated or endorsed to the order of plaintiff Countrywide Home Loans Mortgage Corp, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of defendant in the above cause, on the mortgaged premises, as described in paragraph seventh of the complaint on file in the above cause, to wit:

> URBANA:  Parcela marcada con el numero Doscientos Veintiocho (228 A) en el plano de Parcelación de la Comunidad Rural Del Aguas Claras del Barrio Chupacallos de Ceiba, Puerto Rico, con una cabida superficial de 0.5394 de cuerda, equivalente a 2,1180.89 metros cuadrados.  En lindes: por el Norte, con la Parcela #187 de la comunidad; por el SUR, con la Parcela #228 de la comunidad; por el ESTE, con la Calle de #25 de la comunidad; y por el OESTE, con la Parcela #29 de la comunidad.
>
> Inscrita al Folio 210 del Tomo 76 de Ceiba.  Registro de la Propiedad de Puerto Rico, sección de Fajardo, Finca #4,733.

2. Defendant, as debtor under the said note and as present owner of the land and buildings hereinbefore referred to, is hereby ordered and adjudged to pay unto plaintiff the sum of $73,680.93 of principal of the said mortgage note, plus interest at the rate of 8% per year, which up to the date of January 27, 2006 amounts to the sum of $16,701.14, to its total and complete payment, plus costs, charges, disbursements and attorneys' fees in the amount of $7,441.10, in the above cause, plus all expenses and advances made by the Plaintiff.

3. In default of the payment of the sums herein before specified or of any part thereof, within the next ten days from the date of entry of this judgment, the mortgaged property described in paragraph one hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiffs mortgage within the limits secured thereby.

4. US MARSHALL is hereby designated and appointed to make the sale hereinbefore mentioned but said US Marsahl shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by the Court.

5. The sale to be made by the US MARSHALL appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $74,411.00.

6. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

a. To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the US MARSHALL appointed herein, after said compensation and expenses shall have been fixed and approved by this Court, all said expenses to be deducted from the sum of $7,441.10, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.

b. To the payment of all expenses and advances made by the plaintiff for an amount not to exceed $7,441.10.

c. To the payment of that part of the indebtedness owed to plaintiff up to the amount of $73,680.93 of principal of the said mortgage note, plus interest at the rate of 8% per year, which up to the date of January 27, 2006 amounts to the sum of $16,701.14, to its total and complete payment, plus costs, charges, disbursements and

attorneys' fees in the amount of $7,441.10, in the above cause, plus all expenses and advances made by the Plaintiff.

  d. If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

7. Plaintiff in this proceeding may apply to this Court for such further orders as it may deem advisable to its interest, in accordance with the terms of this judgment.

SO ORDERED.

In San Juan, Puerto Rico, this day __16__ of February, 2006.

/s/ Salvador E. Casellas
Salvador E. Casellas
U.S. Senior District Judge